UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-239

| | |
|---|---|
| SOUTHERN STAIRCASE OF NORTH CAROLINA, INC., <br>     Plaintiff, <br><br> v. <br><br> JEFFREY E. NASLUND & ELEMENT STAIRS, INC., <br>     Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendant Jeffrey E. Naslund's Motion to Strike. (Doc. No. 17). Plaintiff filed a Response (Doc. No. 20) and Defendant Naslund filed a Reply (Doc. No. 21), which are now before the Court. For the following reasons, the Court finds that Defendant's motion is **DENIED**.

I.    BACKGROUND

On June 23, 2008, Plaintiff Southern Staircase of North Carolina, Inc. ("Southern Staircase") brought this action against Defendant Jeffrey E. Naslund for violating two clauses of an employment agreement and for violating North Carolina's Unfair Trade Practices Act. Naslund is a former outside sales representative of Southern Staircase who is currently employed as Vice President of Sales for Element Stairs, Inc. While working at Element Stairs, Naslund allegedly began soliciting Southern Staircase's customers in violation of the noncompete and nonsolidication provisions contained within Naslund's employment agreement with Southern Staircase. Southern Staircase filed this lawsuit to enjoin Naslund from violating the restrictive covenants in the employment agreement.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A motion to strike is timely if made by a party before responding to the pleading. Fed. R. Civ. P. 12(f)(2). Southern Staircase filed its Complaint on May 23, 2008 and Naslund filed his Motion to Strike on July 17, 2008, without filing an answer. Naslund's motion is therefore timely.

Although courts have broad discretion in disposing of motions to strike, such motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citation omitted); see Brown v. Inst. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) ("Motions to strike are viewed with disfavor and are granted only for egregious violations. Thus, before a motion to strike will be granted, the allegations must be the type envisioned by the rule and prejudicial.") (citations omitted). "[A]s far as motions to strike pleadings on the basis of immateriality are concerned, a "matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C., 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001) (quoting Craig Funeral Home, Inc. v. State Farm Mut. Auto Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958)). "A motion to strike places a sizable burden on the movant, and would typically require a showing that denial of the motion would prejudice the movant." Miller v. Rutherford County, No. 1:08cv441, 2008 U.S. Dist. LEXIS 102779, at *9 (W.D.N.C. Dec. 1, 2008) (internal quotation marks and citations omitted).

III.   DISCUSSION

In the Motion to Strike, Naslund seeks to strike paragraphs 34 and 35 of the Complaint, which read:

> 34.   On or about October 16, 2007, Defendant Naslund went to the doctor for a work-related injury, but refused to take a post-accident drug test as required by company policy.
> 35.   On October 23, 2007, Southern Staircase, Inc. terminated Defendant Naslund's employment for refusing to take a drug test in violation of the company's drug testing policy.[1]

(Doc. No. 1 at 9). Naslund argues that the allegations "have no essential or important relationship to Plaintiff's causes of actions . . . [or] requested relief," and therefore should be stricken as immaterial, impertinent and scandalous. (Doc. No. 18 at 3). Furthermore, Naslund states that the allegations contained within the preceding paragraphs are vigorously disputed, have been determined to be false by the North Carolina Employment Security Commission, and are subject to a current investigation by the Employment Discrimination Bureau of the North Carolina Department of Labor. In response, Southern Staircase argues that the reason for Naslund's termination might be relevant in the Court's determination of whether injunctive relief is appropriate to enforce the restrictive covenant of the employment agreement. (Doc. No. 20 at 3).

When considering the Defendant's arguments in light of the general disfavor of a Rule 12(f) motion, the Court finds that the Defendant has failed to meet his burden of showing that the allegations concerning the drug test are immaterial, impertinent and scandalous. At this stage in the litigation, it is impossible to find that the reasons for Naslund's termination have "no possible

---

[1] Although Naslund limited his objections to the allegations in paragraphs 34 and 35 of the Complaint, the Court notes that paragraph 4 of the Complaint states that Naslund "was terminated for violating Southern Staircase's drug testing policy." (Doc. No. 1 at 2). The Court will, therefore, address the motion to strike as it relates to paragraphs 4, 34, and 35 of the Complaint.

bearing" upon Southern Staircase's breach of contract claims.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike is **DENIED**.

Signed: March 16, 2009

Robert J. Conrad, Jr.
Chief United States District Judge